*E-Filed 2/28/14*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

LARRY E. CLIMMONS,

    Plaintiff,

    v.

M. MARTEL, et al.,

    Defendants.

No. C 12-03357 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss this action for failure to exhaust administrative remedies is GRANTED.

## BACKGROUND

In his complaint, plaintiff alleged that defendants, which include San Quentin State Prison ("SQSP") correctional officers M. Martel, Kelly Mitchell, Lt. H. Williams, C.P. Young, R. Shimoda, Y. Glee, and E. Facio and Secretary Matthew Cate of the Department of Corrections, violated his due process rights in connection with disciplinary proceedings which occurred between July 31, 2011 and January 26, 2012. Defendants move to dismiss

the action because plaintiff failed to exhaust his administrative remedies prior to filing suit and as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] (Docket No. 30.) Plaintiff did not file opposition although given an opportunity to do so.

## DISCUSSION

A. **Exhaustion**

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted).

Compliance with prison grievance procedures is all that is required to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. *Id.* The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing

---

[1]The summonses for defendants Martel and Glee were returned unexecuted. (*See* Docket Nos. 15 & 18.) Accordingly, they have not yet been served in this action.

*Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).  A grievant must use all steps the prison makes available, enabling the prison to reach the merits of the issue.  *Woodford*, 548 U.S. at 90.  To exhaust administrative remedies properly in California state prisons, inmates must proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee.  *See* 15 Cal. Code Regs. § 3084.5.

      The following facts as presented by defendants are undisputed.  In April 2011, plaintiff was found guilty of sexual solicitation of defendant R. Shimada, a licensed vocation nurse as SQSP, after a disciplinary hearing.  As a result, plaintiff was assessed 30 days loss of good-time credits.  Plaintiff claims that defendants "acted willfully[,] knowingly and purposefully... to deprive the plaintiff of his rights to... due process," and seeks damages.  (Compl. at 3.)  Although plaintiff indicated on his complaint that he presented his claims to the highest level of appeal, (*id.* at 2), his prison records show that he did not properly exhaust the claim through the prison grievance process.  Between July 2011, the earliest date of plaintiff's allegations against defendants, and June 28, 2012, the date the instant action was filed, plaintiff submitted eleven appeals at SQSP.  (Hay Decl. ¶ 8, Exhs. A-J.)  All but two of these appeals were rejected as either untimely or screened out because plaintiff failed to use the proper forms.  (*Id.*)  In the two appeals which were not screened out, plaintiff alleged delay in appearing before the Institutional Classification Committee ("ICC") concerning his placement in administrative segregation, (Compl. Attach. at 19 and 25; Hay Decl. ¶ 8).  Plaintiff makes no mention of any due process violations by the defendants named in this action.  Accordingly, it cannot be said that these two appeals satisfy the exhaustion requirement with respect to the claims presented in his complaint.

      Based on the evidence presented, defendants have shown that plaintiff did not properly exhaust any of the claims presented in this action.  Plaintiff has failed to file an

opposition showing otherwise. Therefore, plaintiff did not exhaust his administrative remedies and has failed to comply with the PLRA's requirement of "proper exhaustion" under *Ngo*: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90-91 (footnote omitted). As it is clear that plaintiff did not "properly exhaust" his claims by pursuing all levels of administrative review available to him before filing the instant action, and there is no applicable exception to the exhaustion requirement, defendants' motion to dismiss for failure to exhaust must be granted.

B.   **Claims are Barred Under *Heck***

Defendants also assert that this action must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

*Heck* also bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Similarly, *Heck* precludes a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). A claim for damages based on allegations that plaintiff was completely denied the

opportunity to put on a defense and that there was deceit and bias on the part of the decisionmaker, for example, necessarily implies the invalidity of the punishment imposed and is barred by *Heck*. *See id.* at 646-47. Plaintiff's claims fall squarely within this realm of cases barred by *Heck*, as the good-time credits forfeited in the challenged disciplinary proceedings implicates the duration of plaintiff's sentence and the invalidation thereof "necessarily [] impl[ies] the invalidity of the judgment." *Edwards*, U.S. at 645. Furthermore, plaintiff has failed to allege that the disciplinary matter has since been reversed, expunged, set aside or called into question. Until then, plaintiff's action is barred by *Heck*. *Id.* Accordingly, plaintiff's claims are DISMISSED without prejudice.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 30) is GRANTED. The action is hereby DISMISSED without prejudice.

The Clerk shall enter judgment in favor of defendants, terminate Docket No. 30, and close the file.

**IT IS SO ORDERED**.

DATED: February 28, 2014

RICHARD SEEBORG
United States District Judge